# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 03-cr-120-02 |
| CHARLES EDWARD MYERS, | |
| Defendant | **ORDER FOR RELEASE** |

**Katharine S. Hayden, U.S.D.J.**

  This Court is in receipt of a petition filed on behalf of Charles Edward Myers for reduction of sentence or in the alternative, acceleration of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The application is not opposed by the Government. The basis for the petition is Mr. Myers' terminal diagnosis; he suffers from stage IV lung cancer and medical reports indicate he has less than a year to live.

  Mr. Myers' attorney and family members and friends have supported his request for compassionate release with letters to the Court. To the extent that their communications seek to remind me about Mr. Myers, that is not necessary. I remember him well, and positively. This despite the evidence admitted against him, which demonstrated that the telemarketing scheme that he and co-defendant Charles Hoffecker operated had badly hurt many people.

  When I sentenced him, Mr. Myers made statements that I found to be genuine about the remorse he felt and, in particular, the impact upon him of the testimony of the victims. He stood before me only days after I sentenced Charles Hoffecker to 17 years in prison, one of the longest sentences imposed on a white collar defendant. Recognizing he could be similarly sentenced, Mr. Myers was forthright and candid, he maintained his dignity throughout, he made it clear he respected the process, and he was prepared to pay his debt to society. I found that the factors in 18 U.S.C. § 3553(a) supported a significantly lower sentence than I gave Charles Hoffecker. I believed Mr. Myers' wife Carolyn when she said she would stand by him throughout, and granted her request that I recommend he be designated to a facility close to where she had moved, which the Bureau of Prisons granted. My sentencing decision required that Mr. Myers serve a serious amount of time — nine years — but sought to return him to his family. The

bottom line, and I stated this at the time, was that Mr. Myers was not being sentenced to a life sentence.

It is therefore consistent with the sentencing decision that in the period of time left to him Mr. Myers be released from custody under the circumstances of his grave illness. I understand that he will receive medical care arranged by his family that will be the equivalent of what is being provided at FCI Butner. That institution offers excellent care. The staff strikes me as acutely aware of their mission insofar as they are custodians of people who are seriously ill and facing death. They could continue to care for Mr. Myers on a more than acceptable standard of skilled, humane care. But where the sentencing factors drove my decision in 2006 that Mr. Myers, who was in his sixties when he was sentenced, *not die in prison*, the sentencing factors operate again to support his petition for release to his family now. Specifically, the public will not be harmed; at his sentencing, Mr. Myers demonstrated an understanding — for perhaps the first time — of the full impact of his actions, and it is inconceivable that he would desire to cause further harm. And the nature of his offenses, which call out for a serious sentence, should not trump the Court's express intention that he outlive his time in custody. Deterrence is not a factor in this analysis; and his sentence was always intended to be significantly shorter than that of his co-defendant.

I find further that to the extent that rehabilitation is still a sentencing goal, Mr. Myers' record while incarcerated indicates compliance with the rules and regulations of the Bureau of Prisons and a commitment to using his time productively for the benefit of others. And I accept the information provided by his family as authentic and not an effort to subvert justice or the judicial system.

Based upon the foregoing, I reduce Charles Edward Myers' custodial sentence to a period of **TIME SERVED** on each count of conviction and direct that he be **released forthwith**. Under the circumstances presented, the concurrent terms of three years supervised release set forth in the original sentence are reduced to one year supervised release, in the District of Nevada, to commence 90 days after his release by the Bureau of Prisons, under such conditions as are commensurate with his medical condition.

**SO ORDERED** this 18th day of November, 2011.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.